IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| SANDRA YVETTE SHARP | : | CIVIL ACTION | FILED |
| | : | | |
| v. | : | | JUL 17 2015 |
| | : | | |
| MARIANN SHEPPERD, et al. | : | NO. 15-3817 | MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

MEMORANDUM

PRATTER, J.                                                          JULY 17, 2015

Plaintiff Sandra Yvette Sharp brings this action on behalf of herself and the estate of her daughter, Star Eubanks. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Sharp leave to proceed *in forma pauperis* and dismiss the complaint.

I.     FACTS[1]

The complaint is based on an incident that took place on August 12, 2012 on the grounds of Foose Elementary school in the Harrisburg School District. Ms. Sharp alleges that defendants Mariann Shepperd and Odessa Shepperd stabbed her and her daughter. Defendant Natasha Wilkerson arrived on the scene after the stabbing, indicating that she wanted to be part of the incident. Both Ms. Sharp and her daughter were injured, and Ms. Sharp's daughter succumbed to her injuries.

On June 25, 2013, Ms. Sharp filed a lawsuit in the Middle District of Pennsylvania against the Harrisburg Police Department based on the August 2012 stabbing.[2] She alleged that the

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of a related case that Ms. Sharp filed in the Middle District of Pennsylvania.

[2] Ms. Sharp attached documents from that case to the complaint she filed in the instant action. Her attachments also appear to include materials that do not pertain to the defendants or the allegations in this action.

1

police failed to respond to a call about the incident. *Estate of Eubanks v. Harrisburg Police Dep't*, Civ. A. No. 13-1741 (M.D. Pa.). She subsequently filed an amended complaint against Mariann and Odessa Shepperd. On September 24, 2013, the case was dismissed with prejudice.

On July 9, 2015, Ms. Sharp filed the instant civil action against Mariann Shepperd, Odessa Shepperd, Natasha Wilkerson, the Harrisburg Police Department, and the Harrisburg School District – Foose Elementary, based on the events of August 12, 2012. Liberally construing the complaint, the Court understands Ms. Sharp to be raising constitutional claims under 42 U.S.C. § 1983, as well as state tort claims. She seeks the arrest of the defendants and damages.

## II.  STANDARD OF REVIEW

The Court grants Ms. Sharp leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court will construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### a. <u>Claims Brought on Behalf of the Estate of Star Eubanks</u>

Although individuals who are not attorneys may prosecute "their own cases" *pro se* in federal court pursuant to 28 U.S.C. § 1654, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, --- F. App'x ---, 2015 WL 1787011, at *2 (3d Cir. Apr. 21, 2015) (per curiam) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)); *see also Osie-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) ("[A] parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children."). Thus, federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors because, in that case, she is not affecting the interests of others. *Compare Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (*pro se* litigant could not prosecute claims on behalf of estate/heirs); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court.") *with Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010) ("[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator."). As it is not clear whether Ms. Sharp is the administratrix of her daughter's estate, whether she is the sole beneficiary of her daughter's estate and/or whether the estate has any creditors, she may not bring claims on behalf of the estate. Accordingly, the Court will dismiss any such claims without prejudice.

### b. **Claims Brought on Behalf of Ms. Sharp**

Although Ms. Sharp may pursue claims in her own right *pro se*, her claims fail because they are barred by the statute of limitations. Plaintiff's § 1983 claims and tort claims are governed by Pennsylvania's two year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Ms. Sharp knew or should have known of her injuries on August 12, 2012 when the stabbing occurred. Indeed, she filed a prior lawsuit about the incident on June 25, 2013. However, she did not file this action until July 9, 2015, more than two years after the statute of limitations accrued. Accordingly, her claims are time-barred.

Certain of Ms. Sharp's claims are also barred by the doctrine of *res judicata*, which bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A dismissal with prejudice counts as a final judgment on the merits, even if the Court fails to reach the merit of the claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotations omitted)); *Kreidie v. Sec'y, Pa. Dep't of Revenue*, 574 F. App'x 114, 116-17 (3d Cir. 2014) ("As explained in the Second Restatement of Judgments, the term 'on the merits' has 'misleading connotations' as 'judgments not passing

directly on the substance of the claim have come to operate as a bar.'"). Here, Ms. Sharp's complaint is barred by *res judicata* to the extent it raises claims against the same defendants named in the previously-dismissed lawsuit in the Middle District of Pennsylvania.

In any event, the Court cannot direct the arrest of or initiation of criminal charges against any of the defendants named in the complaint. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."). Furthermore, to the extent the attachments to Ms. Sharp's complaint can be understood to seek an appeal of the dismissal of her case in the Middle District, this Court may not review orders entered by other federal judges. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts . . . ."). If she sought review of the dismissal order, Ms. Sharp should have appealed to the Third Circuit in a timely fashion.

A district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that Ms. Sharp's claims are barred. Accordingly, she will not be permitted to file an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. An appropriate order follows.